UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BROWN & STREZA LLP, a California Limited Liability Partnership, MATTHEW G BROWN<br><br>           Plaintiffs,<br><br>     vs.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation,<br><br>           Defendant.<br><br><br>AND RELATED COUNTERCLAIM | Case No. 8:16-cv-01045 JLS (KESx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: June 2, 2016 |

The Court has considered the Stipulation for Protective Order between Plaintiffs and Counter-Defendants Brown & Streza LLP ("Brown & Streza") and Matthew G Brown (collectively "Plaintiffs") and Defendant and Counter-Claimant Ironshore Specialty Insurance Company ("Defendant"), filed on January 30, 2017.

For the reasons stated therein and good cause appearing, the Court hereby ORDERS as follows:

**1. GOOD CAUSE STATEMENT.**

Federal Rule of Civil Procedure 26(c) permits the granting of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential communication, research, development, or commercial information is a proper basis for the issuance of a protective order. Additionally, though "courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

Plaintiffs and Defendant are presently involved in the above-captioned coverage litigation pending in the United States District Court for the Central District of California (the "Litigation").

During the course of the Litigation, information, documents, and tangible things may be sought, produced, or exhibited or filed in the public record by the parties to the Litigation, which may include or relate to trade secrets or other confidential legal, business or commercial information. It is anticipated that Plaintiff will seek Defendant's claims files and contracts between Defendant and its reinsurers in discovery. Further, the correspondence and communications between Plaintiff and Defendant contain confidential information which if disclosed may be detrimental to the parties and may expose their trade secrets or confidential or privileged business records.

This Order is intended to facilitate the sharing of information among

litigants to promote fairness and efficiency in the litigation and allow resolution of the issues in this case without imposing undue harm on the parties. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79 et seq. set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. However, any materials either party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not be filed by either party unless that party first applies to file the same under seal.

**2.     DEFINITIONS.**

2.1     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.2     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.3     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action, have appeared in this action on behalf of that party, or are affiliated with a law firm which has appeared on behalf of that party.

2.4     Party:  any party to this action, including all of its officers, directors, employees, consultants, and retained experts.

2.5     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.8     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that merit confidential treatment under Federal Rule of Civil Procedure 26(c).

2.9     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.11    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.14    Requesting Party:  a Party that requests Disclosure or Discovery Material from a Producing Party.

///

2.15 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

**3.    SCOPE.**

3.1 This Order governs the use of all Disclosures or Discovery Material. However, this Stipulation and Order does not apply to a Non-Party producing documents, in response to a subpoena through any Party may despite documents so produced as being 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.2 The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.    DESIGNATING PROTECTED MATERIAL.**

4.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under

- 4 -
[PROPOSED] STIPULATED PROTECTIVE ORDER
41957105.v2

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may, in the discretion of the Court, result in the imposition of sanctions against the Designating Party.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with the parties' Stipulation and this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page

1 qualifies for protection, the Producing Party also must clearly identify the protected
2 portion(s) (e.g., by making appropriate markings in the margins, or by highlighting
3 material in electronic documents) and must specify, for each portion, the level of
4 protection being asserted.

5       A Party or Non-Party that makes original documents or materials
6 available for inspection need not designate them for protection until after the
7 inspecting Party has indicated which material it would like copied and produced.
8 During the inspection and before the designation, all of the material made available
9 for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
10 EYES ONLY."   After the inspecting Party has identified the documents it wants
11 copied and produced, the Producing Party must determine which documents, or
12 portions thereof, qualify for protection under this Order. Then, before producing
13 the specified documents, the Producing Party must affix the "CONFIDENTIAL" or
14 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page
15 that contains Protected Material.  If only a portion or portions of the material on a
16 page qualifies for protection, the Producing Party also must clearly identify the
17 protected portion(s) (e.g., by making appropriate markings in the margins, or by
18 highlighting material in electronic documents).

19       (b)    For documents produced by a Non-Party pursuant to subpoena,
20 the documents shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS'
21 EYES ONLY for a period of thirty (30) days from date of production.  During that
22 period of time, any Party may designate any of the produced documents as
23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24 ONLY."

25       (c)    For testimony given in deposition or in other pretrial or trial
26 proceedings, that the Designating Party identifies, in a letter to Outside Counsel of
27 Record, the witness (or his or her attorney if represented at the time the testimony
28 was given and the court reporter, sent within twenty (20) days after the deposition,

hearing, or other proceeding the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulation for Protective Order. Alternatively, a Designating Party may specify, at the deposition, hearing, or proceeding, or up to twenty (20) days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) For information produced in some form other than documentary form or transcribed testimony, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5. CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

If at any time during the pendency of this action, the Party seeking to use the Protected Materials claims that the Designating Party has unreasonably designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in compliance with Local Rule 37-1 through 37-4, the Party seeking to use the Protected Materials may

- 7 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

41957105.v2

request that the Court re-designate or exclude from the provisions of this Order the Protected Materials at issue.

**6. ACCESS TO AND USE OF PROTECTED MATERIAL.**

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

(a) Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Filing of Protected Materials in the Public Record. Any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be used in any proceeding in this action, including, if otherwise permissible, as evidence at any hearing or the trial of the action, in open court, or on appeal, without violation of this Order, provided that the party that seeks to use the Protected Material must first confer with the Designating Party to determine whether the Designating Party will remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, whether the Protected Material can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The Party seeking to use the Protected Material in any manner described in this paragraph shall provide the Designating Party with at least 5 days' notice of the desired use of the Protected Material, unless an order of the court requires a Party to respond to a matter before the expiration of the 5 days, in which case, the Party seeking to use the Protected Material shall provide reasonable notice, to be no less than 2 court days prior to the

1  Court's response deadline.

2      If the Designating Party objects to the use of the Protected Material and the
3  Parties cannot otherwise resolve the issue, or if the Party seeking to use the
4  Protected Material is unable to provide advance notice, the Party seeking to use
5  the Protected Material shall apply for a court order authorizing the sealing of the
6  specific Protected Material at issue. Any such request shall show good cause for
7  the under seal filing and is subject to approval by the Court pursuant to Local
8  Rule 79-5. If a request to file Protected Material under seal pursuant to Local
9  Civil Rule 79-5 is denied by the Court, then the Party seeking to use the Protected
10 Material may file the information in the public record, unless otherwise instructed
11 by the Court.

12     Once the case proceeds to trial, all of the court-filed information that was
13 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
14 ATTORNEYS' EYES ONLY" and/or kept and maintained pursuant to the terms
15 of this Order becomes public and will be presumptively available to all members
16 of the public, unless "compelling reasons" supported by specific factual findings
17 to proceed otherwise are made to the District Court Judge in advance of the trial.

18     6.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless
19 otherwise ordered by the court or permitted in writing by the Designating Party, a
20 Receiving Party may disclose any information or item designated
21 "CONFIDENTIAL" only to:

22     (a)    the Receiving Party's Outside Counsel of Record in this action,
23 as well as employees of said Outside Counsel of Record to whom it is reasonably
24 necessary to disclose the information for this litigation and who have signed the
25 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
26 A;

27     (b)    the officers, directors, and employees (including House
28 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

- 9 -
[PROPOSED] STIPULATED PROTECTIVE ORDER
41957105.v2

this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material, as identified by a Designating Party under subdivision 4.2(b), must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any other person agreed to by the Parties in writing.

6.4 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the

1 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
2 A;
3     (b)    Experts of the Receiving Party (1) to whom disclosure is
4 reasonably necessary for this litigation, (2) who have signed the "Acknowledgment
5 and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set
6 forth in paragraph 7.4(a)(2), below, have been followed;
7     (c)    the Court and its personnel;
8     (d)    court reporters and their staff, professional jury or trial
9 consultants, and Professional Vendors to whom disclosure is reasonably necessary
10 for this litigation and who have signed the "Acknowledgment and Agreement to Be
11 Bound" (Exhibit A); and
12     (e)    the author or recipient of a document containing the information
13 or a custodian or other person who otherwise possessed or knew the information.
14     6.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY
15 CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
16 Experts.
17     (a)    Unless otherwise ordered by the court or agreed to in writing by
18 the Designating Party, a Party that seeks to disclose to an Expert any information or
19 item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
20 ONLY" pursuant to paragraph 7.3(b) first must make a written request to the
21 Designating Party that (1) identifies the general categories of "HIGHLY
22 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving
23 Party seeks permission to disclose to the Expert, (2) sets forth the full name of the
24 Expert and the city and state of his or her primary residence, (3) attaches a copy of
25 the Expert's current resume, and (4) identifies the Expert's current employer(s).
26     (b)    A Party that makes a request and provides the information
27 specified in the preceding respective paragraphs may disclose the subject Protected
28 Material to the identified Expert unless, within 14 days of delivering the request,

- 11 -
[PROPOSED] STIPULATED PROTECTIVE ORDER
41957105.v2

the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) notify the Designating Party's Outside Counsel of Record in writing within five days of receipt of the subpoena or court order. Such notification shall include a copy of the subpoena or court order ;

(b) notify the party who caused the subpoena or order to issue in the other litigation in writing within five days of receipt of the subpoena or a court order that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party intends to seek a protective order, it must so notify the Party served with the subpoena or court order within 14 days of notice by the latter of the subpoena or court order. The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a) Except as specified in Section 3.1 above, the terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and

the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   (1) notify the Requesting Party's Outside Counsel of Record and the Non-Party in writing within five days of receipt the request that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   (2) provide the Non-Party with conformed copies of this Order and the parties' Stipulation for Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested within five days of receipt the request; and

   (3) make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must (a) within two court days of learning of the unauthorized disclosure notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the

1  Protected Material disclosed contrary to the provisions of this Order, (c) inform
2  the person or persons to whom unauthorized disclosures were made of all the
3  terms of this Order, and (d) request such person or persons to execute the
4  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
5  A.
6        Notification by electronic mail with hard copy by U.S. mail to Outside
7  Counsel of Record shall be considered notification in writing as required by
8  Section 10 below.

9  **10.   INADVERTENT PRODUCTION OF PRIVILEGED OR**
10  **OTHERWISE PROTECTED MATERIAL AND CLAWBACK.**

11        Pursuant to Federal Rule of Evidence 502(d), any inadvertent production of
12  any privileged communication or information ("Privileged Information") shall not
13  constitute a waiver of any associated privilege (e.g., attorney-client privilege,
14  work product, etc.) nor result in a subject matter waiver of any kind.  In the event
15  the Producing Party learns that Privileged Information has been inadvertently
16  produced, the Producing Party shall immediately notify the Receiving Party and
17  the Receiving Party shall immediately return the Privileged Information (all hard
18  and electronic copies) to the Producing Party and act pursuant to Federal Rule of
19  Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever
20  procedure may be established in an e-discovery order that provides for production
21  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(e), this
22  agreement with respect to the effect of disclosure of Privileged Information is
23  hereby incorporated into this Order.

24  **11.   MISCELLANEOUS.**
25        11.1   Right to Further Relief.  Nothing in this Order abridges the right of
26  any person to seek its modification by the Court in the future.
27        11.2   Right to Assert Other Objections.  By stipulating to the entry of this
28  Order no Party waives any right it otherwise would have to object to disclosing or

1  producing any information or item on any ground not addressed in this Stipulated
2  Protective Order.  Similarly, no Party waives any right to object on any ground to
3  use in evidence of any of the material covered by this Order.

4  **12.  FINAL DISPOSITION.**

5  Within 60 days after the final disposition of this action, as defined in
6  paragraph 4, each Receiving Party must return all Protected Material to the
7  Producing Party or destroy such material.  As used in this subdivision, "all
8  Protected Material" includes all copies, abstracts, compilations, summaries, and
9  any other format reproducing or capturing any of the Protected Material.
10 Whether the Protected Material is returned or destroyed, the Receiving Party must
11 submit a written certification to the Producing Party (and, if not the same person
12 or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by
13 category, where appropriate) all the Protected Material that was returned or
14 destroyed and (2) affirms that the Receiving Party has not retained any copies,
15 abstracts, compilations, summaries or any other format reproducing or capturing
16 any of the Protected Material.  Notwithstanding this provision, Outside Counsel
17 of Record are entitled to retain an archival copy of all pleadings, motion papers,
18 trial, deposition, and hearing transcripts, legal memoranda, correspondence,
19 deposition and trial exhibits, expert reports, attorney work product, and consultant
20 and expert work product, even if such materials contain Protected Material.

21 **IT IS SO ORDERED.**

23 Dated:  January 31, 2017

_____
The Honorable Karen E. Scott
United States Magistrate Judge

- 16 -
[PROPOSED] STIPULATED PROTECTIVE ORDER
41957105.v2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], hereby attest to my understanding that information and/or documents designated as "Confidential" or "Confidential – Attorneys Eyes Only" may be provided to me pursuant to the terms, conditions and restrictions of a Stipulated Protective Order entered in the lawsuit entitled *Brown and Streza LLP et al v. Ironshore Specialty Insurance Company,* Case No. 8:16-cv-01045-JLS-KES, pending the United States District Court for the Central District of California.

I have been given a copy of the Stipulated Protective Order. I declare under penalty of perjury that I have read it in its entirety and understand the terms of the Order. With full knowledge of the terms and requirements of the Order, I agree to comply with and to be bound by its terms. I understand that failure to so comply, including by engaging in the unauthorized disclosure of information and/or documents designated as "Confidential" or "Confidential – Attorneys Eyes Only," could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose to others, except in accordance with the Order, such information or documents that have been designated as "Confidential" or "Confidential – Attorneys Eyes Only," and that I shall use such information or documents only for the purpose of the legal proceeding in which the documents were produced.

I also agree to subject myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____   By: _____